1821.

TILLOU
v.
SHARPSTEEN.

his consent; and that the plaintiff knew that his name was used, immediately after the bill was filed. The counsel cited *Titterton* v. *Osborne, Dickens' Rep.* 350.

THE CHANCELLOR. The motion must be denied. The delay was fatal to the plaintiff's application. If he has been injured by the use of his name, he must have his resort to the solicitor, who has made use of it, for his indemnity.

Motion denied.

## TILLOU *against* SHARPSTEEN.

An injunction to stay proceedings under a power to sell contained in a mortgage, was retained, though it appeared that the mortgage had been discharged, until an action at law brought by the plaintiff against the defendant on the covenant of seisin in his deed to the plaintiff, was decided.

*June 4th.*

BILL filed for an injunction to stay proceedings under a power to sell contained in a mortgage, on the ground that there was an outstanding unsatisfied mortgage on the premises at the time of the execution of the deed to the plaintiff, which was unknown to him, and also, because the defendant had no title when he conveyed to the plaintiff. An injunction was granted.

A motion was now made to dissolve the injunction. It appeared that the outstanding mortgage had been discharged; but it also appeared that the plaintiff had sued the defendant on his covenant of seisin, and that there had been a trial at law, and a verdict taken in favour of the plaintiff, subject to a case which had been made, and which was now ready for argument in the Supreme Court.

*P. Ruggles*, for the motion.

*Bloom*, contra.

THE CHANCELLOR, under the circumstances of the case, retained the injunction, until the decision at law upon the case made.

There were other points in the case, but it is not thought material to state them.

———————

In the matter of ELIZA ANN ELLISON and others, *infants.*

Where a conveyance is directed to be made by *infants*, in performance of an agreement entered into by their ancestor, in his lifetime, who had stipulated to give a deed with full covenants to the purchaser, the Court will not order the infants to enter into personal covenants, but only to release and convey all the title whereof their ancestor died seised.

The principal of the purchase money, however, was ordered to be retained subject to the further order of the Court, or until the infants come of age, to provide an indemnity to the purchaser, in case the title should, in the mean time, fail.

PETITION by *Youle*, for the specific performance of a contract entered into with the ancestor of the infants, for a purchase of certain lots in the city of *New-York*, for which the ancestor was to give a deed with full covenants.

With the consent of all parties concerned, a conveyance on the part of the infants was ordered, on payment of the consideration; but it was insisted on behalf of the petitioner, that the infants, by their guardian, should enter into a personal covenant, such as their ancestor had agreed to give, to ensure the title.

*June 4th.*